**Application of Ivar WALLQUIST.**
**Patent Appeal No. 6501.**

*United States Court of Customs and Patent Appeals.*

Jan. 26, 1960.

Linton & Linton, Washington, D. C. (Vlle C. Linton, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Kansas City, Mo., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRK-PATRICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner's rejection of the single claim of appellant's application for a patent on an apparatus for continuous filtration of liquids.

The appealed claim reads:

"5. Apparatus for the continuous filtration of liquids containing solid particles comprising a vat for receiving liquids to be filtered, a drum rotatably mounted in said vat having a liquid-pervious peripheral covering and a filtrate discharge provided at at least one end thereof, and endless filtering cloth having a portion thereof extending around the periphery of said drum, a pair of guide rolls having said cloth passing thereover, one of said guide rolls being positioned above the other guide roll for directing a straight portion of said cloth spaced from the drum and inclined relative to the horizontal, a supply box for containing a filtering material suspension with said box being provided by an upright end wall, a pair of spaced upright side walls extending from said end wall and having inclined lower edges with said walls being positioned and extending above said straight inclined portion of said cloth, sealing strips provided on said walls of said box and bearing on said straight inclined portion of said cloth, and means for driving said cloth from said lower roller to said upper roller and from said upper roller to said drum and back to said lower roller and means for removing the filter layer and particles filtered thereby from said cloth passing from said drum before reaching said lower roller.

"The references relied on are

| "Boykin | 1,666,279 | April 17, 1928. |
| "German Patent | 509,930 | October 4, 1930. |

---

[1] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

Appellant's application discloses an apparatus in which the liquid to be filtered is supplied to a tank containing a rotary drum, and is filtered in passing from the exterior to the interior of the drum. A continuous strip of filtering cloth passes around the surface of the drum and around three rollers located outside the tank, two of the rollers being spaced horizontally and vertically from each other to provide a straight inclined section of filtering cloth between them. Adjacent this inclined section there is provided a box containing filtering material, the box comprising a vertical end wall and a pair of vertical side walls which extend along the upper surface of the filtering cloth and are provided with sealing strips bearing against the cloth, so that the inclined section of the cloth forms, in effect, one end of the box. As the drum is rotated the filtering cloth passes around it and the rollers. Filtering material is applied to the cloth from the box and is carried by the cloth around the drum, into and out of the liquid to be filtered, and then to a scraper which removes the used filtering material so that the cloth is in condition to receive a new supply when it is again passed through the box. The direction of rotation of the drum is such that the filter cloth moves from the lower roller to the upper one in the straight section to which the filtering material is supplied. The hydrostatic head of the filtering material in the box assists in applying it to the cloth.

The German patent shows an arrangement of tank, drum, rollers, and filter cloth which, so far as the appealed claim is concerned, differs from the structure shown by appellant's application only in that the straight section of cloth to which the filtering material is supplied moves from the upper roller toward the lower roller, and the filtering material is deposited on the cloth through an elongated slot in a so-called laying device which is spaced a short distance from the cloth and is not provided with sealing strips. As shown, the laying device comprises an upright end wall and a pair of spaced upright side walls extending from the end walls. The side walls terminate in lower edges having portions which are inclined with respect to the filter cloth and those portions are joined by an inclined plate so that the lower end of the laying device has the form of an elongated tapered nozzle, with an outlet opening of rectangular cross-section.

The Boykin patent was cited by the examiner to show it to be old to apply a liquid suspension under hydrostatic pressure to an endless filter cloth. The examiner did not rely on the specific structure shown by Boykin, and the board stated that "we need not concern ourselves with the Boykin patent." Accordingly, it is not necessary to consider that patent in detail here.

Appellant relies on three features to distinguish over the German patent; namely, the shape of the supply box or outlet, the use of sealing strips, and that appellant's filter cloth moves upward past the supply box while that of the reference moves downward.

In our opinion the claim does not define the shape of the supply box in terms distinguishing from the filtering material outlet of the reference, which, as noted above, comprises a vertical end wall and spaced upright side walls extending therefrom and having inclined lower edges. The claim does not state that the lower edges are inclined throughout their entire extent. Moreover, we agree with the examiner that there would be no patentable invention in inclining the portions of the lower edges of the side walls which are immediately adjacent the filter cloth.

The reference patent does not show sealing strips between the walls of the laying device and the filter cloth, but we agree with the examiner and the board that the addition of such strips would be an obvious expedient if the filtering material were of such a consistency that it tended to spread undesirably. Apparently the reference uses a relatively thick material which stays approximately where it is deposited, so that sealing strips are not needed to restrain it.

We are also of the opinion that, in the combination recited by the appealed claim, it is not material from the standpoint of patentability whether the inclined filter cloth opposite the outlet box or laying device moves in an upward or downward direction. This is especially true since there is nothing in the claim to indicate how steep the slope of the cloth is. With the cloth as nearly horizontal as that shown in the reference it would make no material difference whether the movement was toward the higher or lower end.

We have given full consideration to appellant's arguments, but we agree with the board that the claim defines nothing more than an obvious modification of the structure shown by the German patent.

The decision is affirmed.

Affirmed.

Worley, C. J., and Martin, J., dissented.